Vincent A. Lupiano, J.
Defendant moves for dismissal of the amended complaint for legal insufficiency. The action is in equity and is brought to compel the defendant to account. Principally the defendant urges that the plaintiff has failed to allege ownership of the alleged cause of action and has failed, further, to allege factually the existence of a fiduciary relationship and, accordingly, no action in equity is pleaded. Plaintiff’s pred *608 ecessor and the defendant were principal and agent respectively. The defendant had been engaged, it is alleged, as the predecessor’s purchasing agent in the United States. Plaintiff, also a foreign corporation, acquired all the assets and assumed all the liabilities of the predecessor corporation. It is further alleged that the defendant was employed successively by the plaintiff’s predecessor and by the plaintiff as such purchasing agent, that the predecessor had deposited with the defendant the sum of $100,000 and from time to time thereafter additional funds were received by the defendant from the plaintiff’s predecessor or from the plaintiff. In addition, the defendant rendered a statement to the plaintiff in April, 1956 showing a balance belonging to the plaintiff, and subsequent to the rendition of that statement the defendant was not authorized to disburse or to use any of the plaintiff’s funds in its possession. It is further alleged that the statement rendered in April, 1956 to the plaintiff and statements rendered to the plaintiff and its predecessor prior thereto were not accurate and failed fully to account for the funds received by the defendant.
The allegation that plaintiff, as successor, acquired the assets and assumed the liabilities of the predecessor corporation is a sufficient allegation of ownership in the light of the remaining allegations of the complaint, particularly those pertaining to the continued employment of the defendant by the plaintiff and the rendition of statements of account to the plaintiff pertaining to the fund, including the moneys turned over to the defendant by plaintiff’s predecessor. Further, the allegation that the defendant was in receipt of moneys from its principal, a foreign corporation, to be used in the purchase of equipment for the principal, is sufficient to establish the relationship requiring- an accounting. What the defendant did with the money or property entrusted to its control and dominion is the gravamen of the action. It is not the money received which plaintiff seeks to recover, but the unexpended balance and as to that and the expended moneys the defendant is required to account.
The motion is denied.